EDWARD P. BLISS & another *vs.* THEODORE C. HURD.

Suffolk. March 26, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Practice — Removal of Actions from Superior to Supreme Judicial Court —
Statute.*

The St. 1892, c. 169, entitled "An Act relative to the jurisdiction of the Supreme Judicial and Superior Courts in real actions," takes away the right of removal from the Superior Court to the Supreme Judicial Court of all actions at law and of petitions for partition which previously could have been so removed under Pub. Sts. c. 152, §§ 7, 8.

PETITION, for a writ of mandamus to compel the Clerk of Courts for the county of Middlesex to transfer an action of contract, with the papers therein, from the Superior Court to the Supreme Judicial Court, and to receive and enter the same therein at the charge of the petitioners upon the payment of the entry fee. Hearing before *Morton*, J., who, at the request of the parties, reported the only question raised for the consideration of the full court. The facts appear in the opinion.

*R. P. Clapp*, for the petitioners.

No counsel appeared for the respondent.

FIELD, C. J. The question in this case is whether St. 1892, c. 169, § 2, takes away the right of removal from the Superior Court to the Supreme Judicial Court of petitions for partition and of all actions of law which previously could have been so removed under Pub. Sts. c. 152, §§ 7, 8, or whether the right

of removal is taken away only in petitions for partition, in writs of entry for the foreclosure of mortgages, and in other real actions. See St. 1885, c. 384, § 14.

The argument on the side of the petitioners is, that St. 1892, c. 169, is entitled " An Act relative to the jurisdiction of the Supreme Judicial and Superior Courts in real actions "; that the first section takes away the original jurisdiction of the Supreme Judicial Court only in petitions for partition, in writs of entry for the foreclosure of mortgages, and in other real actions; and that it is not to be presumed that it was intended by the second section to take away the right of removal in other actions at law than those included in the title of the act, and those over which the original jurisdiction of the Supreme Judicial Court is taken away by the first section.

The language of the second section is express, that the right to remove " actions and petitions " existing at the date of the act, by virtue of Pub. Sts. c. 152, §§ 7, 8, and c. 178, § 13, " is hereby taken away." The provisions of the statutes which relate to the original and concurrent jurisdiction over actions at law of the Supreme Judicial Court and of the Superior Court are not referred to in the statute of 1892. See Pub. Sts. c. 150, § 5; c. 152, § 4. It often happens that two courts have concurrent jurisdiction over actions, and yet there is no right of removal of such actions from one to the other or from the inferior court to the superior court. The right to remove an action from one court to another does not depend upon the original jurisdiction of the court to which the action is removed, but upon the terms of the statute authorizing the removal. If the intention of the Legislature in enacting St. 1892, c. 169, had been to take away the right of removal of actions only when the actions were real, it properly should have used in the second section of the statute the same language descriptive of the actions as is used in the first section. Instead of doing this the Legislature used language in the second section which is general, and which must be taken to describe and include all actions at law which could have been removed under Pub. Sts. c. 152, §§ 7, 8. We are of opinion that the right to remove the action of contract in the present case was taken away by St. 1892, c. 169, § 2, and that the petition should be dismissed.      *So ordered.*